LILJEBERG, J.,
concurs with reasons.
_JjI concur with the majority’s decision to reverse the trial court’s ruling and to conduct a de novo review based on the determination that the trial court erred in finding the July 14, 2014 agreement was binding on the parties. I further agree that Mr. O’Donnell, Jr., failed to satisfy his burden to establish that Ms. Duhe’s decision regarding the child’s schooling was not in the best interest of the child. However, I respectfully disagree with certain reasons as set forth above by the majority regarding why the July 14, 2014 agreement is not binding on the parties.
When joint custody is awarded, La. R.S. 9:335(A)(3) requires the trial court to enter an implementation order allocating the legal authority and responsibility of the parties. La. R.S. 9:335(B)(3) further provides the domiciliary parent shall have authority to make all decisions affecting the child unless an implementation order provides otherwise.
After the parties confected their agreement regarding the child’s schooling, the trial court entered the March 20, 2015 Interim Consent Order adopting all recommendations set forth by Dr. Roussel in his custody evaluation. Dr. Roussel recommended joint custody with Ms. Duhe designated as the domiciliary parent.' Dr. Roussel also recommended that Ms. Duhe have the authority to make final decisions when the parties are | .¿unable to agree on issues involving the child, including educational issues. Dr. Roussel’s recommendations did not reference or incorporate the parties’ prior July 14, 2014 agreement regarding the child’s school.
The March 20, 2015 Interim Consent Order further required the parties to submit a formal parenting plan into the record. On April 21, 2015, the trial court entered a consent judgment signed by the parties which set forth a holiday visitation schedule, as well as the parties’ agreement to share the costs of the child’s extracurricular activities. Again, this consent judgment did not reference or incorporate the July 14, 2014 agreement and did not alter Ms. Duhe’s authority to make final decisions regarding the child. Pursuant to La. R.S. 9:335(B), there is no implementation order limiting Ms. Duhe’s final decision making authority regarding the child’s education.
For these reasons, I agree with the majority’s determination that the July 14, 2014 agreement was not binding between the parties.